## ARD et al. v. HAGGARD et al.

Court of Appeals of Kentucky.

Dec. 19, 1952.

L. C. Lawrence, Jamestown, for appellants.

Bertram & Bertram, Monticello, Russel Jones, Gladstone Wesley, Sandusky & Miller and C. L. Tartar, Somerset, for appellees.

COMBS, Justice.

The land, title to which is involved in this action, lies within the reservoir of Cumberland Lake in Wayne and Pulaski counties. The litigation was precipitated when this and other land was sold to the U. S. Government by the appellee Haggard. The suit was filed by the heirs of John W. Ard against Haggard to recover the money he had received as the purchase price of the tract in controversy. Haggard conceded he did not own this particular tract but in the meantime the heirs of Abraham Ard intervened, claiming an undivided one-eighth interest in the land. Haggard is only a nominal party on this appeal, the real controversy being between the heirs of John W. Ard and the heirs of Abraham Ard.

John W. and Abraham Ard were brothers, being sons of Polly Ard who died intestate in 1885 the owner of this and other lands. Besides John W. and Abraham, Polly left a surviving husband and six other children. Fourteen years after the death of Polly a suit was filed in the Wayne county court to partition her lands. Her surviving husband and all of her children, or their successors in title, except Abraham, were made parties to the suit. The petition stated that John W. had purchased the interest of his brother Abraham in their mother's estate and that John W. was entitled to a deed for Abraham's interest. No deed or other evidence of title from Abraham to John W. was referred to in

the petition, and the record does not affirmatively show that any such muniment of title was filed in the action. The suit proceeded to judgment and in 1900 commissioners' deeds were executed in conformity with the judgment to the parties to the suit. John W. received deeds for two shares in the land, representing his own share and that which he purportedly had purchased from his brother Abraham. He later purchased other portions of the land left by his mother, but this has no significance other than to show there was nothing unusual about his purchase of Abraham's interest.

It appears that immediately after the partition suit the parties to whom deeds were made, including John W., took possession of their respective portions and claimed and treated the land as their own. About 1909 John W. purchased the Polly Ard home place, which we understand is the tract involved in this action, from two of his nieces and lived there until shortly before his death in 1928.

It is said that Abraham was a disabled Civil War veteran. He bought a tract of land near his mother's home place sometime in the 1890's and lived there until his death in 1903. So far as the record shows he never made any claim to any interest in the lands left by his mother. On the other hand, it appears that John W. Ard, his predecessors and successors in title, have claimed the land since it was allotted in the partition suit in 1900.

It is apparent the decision in the case must turn on the validity of the judgment in the partition suit. Appellants, who are grandchildren of Abraham, rest their case solely on the fact their grandfather was not a party to the partition suit, plus the absence of any record showing a conveyance from Abraham to John W. Appellees, who are the heirs of John W., rely on the case of Morgan v. Big Woods Lumber Co., 198 Ky. 88, 249 S.W. 329, 337, in which it was held that a county court, in a proceeding to partition land is a court of general jurisdiction and its judgment is immune from collateral attack, the same as a judgment of any other court of general jurisdiction. It was also said in that case:

"It must therefore be conclusively presumed, in the absence of anything in the record to the contrary, that there was on file with the record of the partition proceedings such evidence of title upon the part of Helm as justified the court in allotting to him a portion of the land in the partition. All that can be said with regard to the partition proceedings is that the record here does not show the presence of the jurisdictional fact of the ownership by Helm of an interest in the land before the county court, but, before the integrity of the judgment can be successfully assailed collaterally, it must affirmatively appear that such evidence was not before the court, especially at this distance of time, and in favor of a stranger to that title, and a mere negative showing is not sufficient."

The facts in the Morgan case are very similar to the facts shown by this record, and we think it is decisive. The application of this rule reaches a salutary result in a vast majority of cases. In the instant case, John W. Ard and his successors have bought and sold this land, paid taxes on it, and claimed it as their own for almost 50 years. During all that time the appellants and their predecessors have asserted no claim to the land, and it is a reasonable inference that a claim would not have been made at this time except for the knowledge the land could be sold to the Government. The law does not favor those who are dilatory or indifferent. We think the judgment of the trial court is sound both in law and in equity.

What has heretofore been said dispenses with the necessity of discussing appellees' plea of adverse possession.

The judgment is affirmed.